**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ISIDRO PALACIOS RODRIGUEZ,

     Petitioner,

v.

MARKWAYNE MULLIN, Secretary, Department of Homeland Security; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; DORA CASTRO, Warden, Otero County Processing Center; MARY DE ANDA-YBARRA, El Paso Field Office Director for Immigration and Customs Enforcement; and TODD BLANCHE, U.S. Attorney General,

     Respondents.

Case No. 2:26-cv-01179-MIS-KK

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Isidro Palacios Rodriguez's pro se Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed April 15, 2026. The Federal Respondents ("Respondents") filed a Response on April 27, 2026 ("Response").[1] ECF No. 7. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

I.      **Background**

Petitioner is a citizen of Mexico who claims he illegally crossed the U.S.-Mexico border in 2002. See Form I-213 Record of Deportable/Inadmissible Alien (Dec. 17, 2019) at 3, ECF No. 7-2.

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

On August 10, 2005, Petitioner was arrested in Georgia for driving with a suspended license.  See I-213 Narrative (Oct. 22, 2025), ECF No. 7-15 at 2.

On March 14, 2009, Petitioner was arrested for (and was later convicted of) driving without a valid license in Florida.  Id.

On June 24, 2009, Petitioner was again arrested for (and was later convicted of) driving without a valid license in Florida.  Id.

On December 14, 2019, Petitioner was arrested in Florida for domestic violence and cruelty toward a child.[2]  Id. at 2.  At this time, the Department of Homeland Security ("DHS") placed a detainer on Petitioner and initiated removal proceedings.  See Form I-213 Record of Deportable/Inadmissible Alien (Dec. 17, 2019) at 2.  On December 17, 2026, DHS issued Petitioner a Notice to Appear, charging him as inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as an alien present in the United States without admission or parole.  See id.; Notice to Appear at 1, ECF No. 7-3.

On March 13, 2020, an Immigration Judge ordered Petitioner's release from ICE custody on $3,000 bond.  See ECF No. 7-9.

On October 21, 2024, Petitioner was arrested by the Alachua (Florida) Sheriff's Office for Driving Under the Influence ("DUI").  See I-213 Narrative (Oct. 22, 2025), ECF No. 7-15 at 2; Arrest Report, ECF No. 7-16.  Petitioner was later convicted of this offense.  See I-213 Narrative (Oct. 22, 2025), ECF No. 7-15 at 2.

On October 21, 2025, the Alachua Sheriff's Office again arrested Petitioner for DUI.  See id.  The Sheriff's Office contacted U.S. Immigration and Customs Enforcement ("ICE") for

---

[2]    The domestic violence and child abuse charges were later dropped.  See I-213 Narrative (Oct. 22, 2025), ECF No. 7-15 at 2.

Petitioner's immigration status.  Id.  Based on this DUI arrest, ICE decided to cancel Petitioner's immigration bond and place him in detention.  Id.

On November 30, 2025, ICE detained Petitioner in Florida, ECF No. 7-17, and later transferred him to the Otero County Processing Center in Chaparral, New Mexico, where he is currently detained, ECF No. 7-18; Pet. at 1.

On March 3, 2026, Petitioner received a custody redetermination hearing before an Immigration Judge.  See Order of the Immigration Judge (Mar. 3, 2026), ECF No. 7-1 [hereafter IJ Order].  The Immigration Judge denied release from custody on the following grounds: "danger to the community, recent DWI [sic] and arrest for DV and several traffic infractions[.]"  Id.

On April 15, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus.  ECF No. 1.  On April 17, 2026, the Court issued an Order instructing Respondents to answer the Petition and show cause why it should not be granted.  ECF No. 5.  On April 27, 2026, Respondents filed their Response.  ECF No. 7.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas."  Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)

3

(quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III.    Discussion

Petitioner argues that his "continued detention has become prolonged, unreasonable, and in violation of [his] constitutional rights." Pet. at 1.  He asserts that he has been detained by ICE since November 26, 2025, "without meaningful custody review, without written decisions explaining [his] continued detention, and without an opportunity to appear before an immigration judge to explain [his] eligibility for relief and request release." Id.  He requests that the Court order his immediate release or, alternatively, an individualized bond hearing.  Id. at 4.

Respondents argue that Petitioner received a custody redetermination hearing in immigration court under 8 U.S.C. § 1226(a), and was denied bond based on his criminal history. Resp. at 1 (citing IJ Order, ECF No. 7-1).  They argue that Petitioner did not appeal that ruling and that "Petitioner's only relief available is statutory-based and that is to request another immigration bond hearing under U.S. immigration regulations." Id. at 2; see also id. at 5 (citing 8 C.F.R. § 1003.10(e)).  Respondents argue that to the extent Petitioner complains about the adequacy of his bond hearing, his only remedy is to appeal the Immigration Judge's ruling to the Board of Immigration appeals.  Id. at 6.  Finally, Respondents argue that Petitioner's due process claim is precluded by Department of Homeland Security v. Thuraissigiam, 591 U.S. 103 (2020).

The Court finds that Petitioner's detention is not unlawful.  It appears undisputed—and the Court finds—that Petitioner's detention is governed by 8 U.S.C. § 1226(a), which provides that the Attorney General may exercise his discretion to either detain or release a noncitizen on bond or conditional parole.  8 U.S.C. § 1226(a)(1)-(2).  On March 3, 2026, Petitioner received a bond hearing under 8 U.S.C. § 1226(a).  IJ Order, ECF No. 7-1.  The Due Process Clause is satisfied

4

when a noncitizen detained under 8 U.S.C. § 1226(a) receives an adequate bond hearing.  Barry v. Lyons, Case No. 1:26-cv-00504-KWR-KRS, 2026 WL 926218, at *7 (D.N.M. Apr. 6. 2026) ("[T]he Court finds that a bond hearing pursuant to § 1226(a) provides Petitioner with the process he is due."); Montero Cordova v. Noem, Case No. 1:26-cv-00526-KWR-DLM, 2026 WL 867689, at *6 (D.N.M. Mar. 30, 2026) ("The Court finds that due process affords Petitioner a bond hearing under § 1226(a), and the hearing need not occur prior to his re-detention.").  Here, there is no evidence or argument that Petitioner's bond hearing was inadequate.[3]

The Immigration Judge denied Petitioner's release from detention, finding that Petitioner was a danger to the community based on his criminal history, IJ Order, ECF No. 7-1, and that decision is not subject to judicial review.  8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); see also Mwangi v. Terry, 465 F. App'x 784, 786-87 (10th Cir. 2012); Chen v. Dorneker, CASE NO. 21-3230-JWL, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021).

Because Petitioner received due process, and because the Court cannot review the Immigration Judge's bond determination, the Petition for Writ of Habeas Corpus is denied.

---

[3]       Although Petitioner states, ipse dixit, that he has not received "meaningful custody review[,]" Pet. at 1, he does not explain why the March 3, 2026 custody redetermination hearing was not meaningful.  And his assertions that he remains detained "without written decisions explaining my continued detention, and without an opportunity to appear before an immigration judge to explain my eligibility for relief and request release[,]" id., appear to be false, in light of the Immigration Judge's March 3, 2026 Order, which provides a written explanation of the reason for Petitioner's continued detention.

**IV.   Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1.   Petitioner Isidro Palacios Rodriguez's Petition for Writ of Habeas Corpus, ECF No.

     1, is **DENIED**;

2.   All pending motions are **DENIED AS MOOT**; and

3.   This case is now **CLOSED**.

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE